## ST. GEORGE WAREHOUSE, INC., Petitioner

v.

## NATIONAL LABOR RELATIONS BOARD, Respondent

**National Labor Relations Board, Petitioner**

v.

**St. George Warehouse, Inc., Respondent.**

Nos. 08–4875, 09–1269.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Oct. 30, 2009.

Filed: July 7, 2010.

---

John A. Craner, Esq., Craner, Satkin & Scheer, Scotch Plains, NJ, for St. George Warehouse, Inc.

Richard A. Cohen, Esq., Linda J. Dreeben, Esq., National Labor Relations Board, Washington, DC, for National Labor Relations Board.

Before: SLOVITER, FUENTES and HARDIMAN, Circuit Judges.

*OPINION*

SLOVITER, Circuit Judge.

St. George Warehouse, Inc., ("St. George") has petitioned for review of the Second Supplemental Decision and Order of the National Labor Relations Board ("the Board") dated November 17, 2008, in which the Board affirmed an award of backpay to two claimants in the amount of $41,097.69, together with accrued interest. The Board's order was entered by two members of a three-member panel to which the Board delegated its powers in December 2007 under section 3(b) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 153(b). The Board had only two members when it entered the order. The Board has cross-applied for enforcement of the order.

Because the issue of the Board's authority to act with only two members was before the Supreme Court, this court held the decision pending the Supreme Court's decision on the same issue. In *New Process Steel, L.P. v. NLRB*, ── U.S. ──, 130 S.Ct. 2635, 2644–45, 177 L.Ed.2d 162 (2010), the Supreme Court held that section 3(b) of the NLRA "requires that a delegee group maintain a membership of three in order to exercise the delegated authority of the Board." At this court's request, the parties submitted supplemen-

tal briefing as to the effect of *New Process Steel* on the issues in this case. The parties agree that the case should be remanded to the Board in light of that decision. In addition, the Board has asked the court to expedite the issuance of its mandate. *See* Fed. R.App. P. 41(b) ("The court may shorten or extend the time [for issuance of the mandate]."). In its supplemental brief, St. George did not oppose the Board's request.

Under *New Process Steel,* the two-member panel of the Board did not have the authority to enter a decision and order in this case. Accordingly, we deny as moot the Board's cross-application for enforcement of the November 17, 2008 order, vacate the Board's order, and remand the case to the Board for further proceedings.[1] The mandate shall issue forthwith.

1. The Board is now operating with five sitting members.